UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3974 CAS (RZx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | DAYNA ARDITO v. WOLPOFF & ABRAMSON, LLP; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   **(IN CHAMBERS) DEFENDANT CALVIN S. ROSE'S MOTION FOR RELIEF FROM JUDGMENT** (filed 12/09/08)

## I.   INTRODUCTION

On June 18, 2008, plaintiff, Dayna Ardito, filed a complaint against defendants Wolpoff & Abramson, LLP, and Calvin S. Rose, alleging that defendants improperly attempted to collect alleged credit card debt from her.  Plaintiff alleges that she authorized defendants to collect only one $300 payment from her bank account, but that they attempted to take $300 payments every month until she had to close her bank account.  Plaintiff further alleges that defendants filed illegal claims on behalf of FIA Card Services and MBNA America against her with the National Arbitration Forum and demanded attorneys' fees although the California Arbitration Act bars any such award against consumers.  Compl. ¶¶ 7-52.

Specifically, plaintiff alleges claims against defendants for (1) violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*; (2) violating California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*; (3) fraud; (4) intentional interference with prospective economic advantage; and (5) commission of unfair or fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

On September 9, 2008, the Court, pursuant to the parties' agreement on defendants' Rule 68 offer of judgment, entered judgment in favor of plaintiff against both defendants in the amount of $5,000, plus reasonable costs and attorneys' fees.

On December 9, 2008, Rose filed the instant motion for relief from the judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3974 CAS (RZx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | DAYNA ARDITO v. WOLPOFF & ABRAMSON, LLP; ET AL. | | |

entered on September 9, 2008, pursuant to Fed. R. Civ. P. 60(b)(1),(5), and (6). On December 22, 2008, plaintiff filed her opposition. On December 29, 2008, Rose filed his reply. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 60(b) provides that

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

...

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Since Rule 60(b) is remedial in nature, it must be liberally applied. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987). Furthermore, "[j]ustice demands that blameless party not be disadvantaged by errors or neglect of his attorney which cause final, involuntary termination of proceedings." United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982).

## III. DISCUSSION

Rose argues that the offer of judgment was "made through inadvertence and mistake" by his counsel, which his counsel acknowledges. Mot. at 3 (citing Stuart Decl. ¶ 7). Rose contends that the offer of judgment was intended to apply to his former employer, Wolpoff & Abramson LLP, and that he only authorized his counsel to obtain a dismissal with prejudice. Id. (citing Stuart Decl. ¶ 8). Rose further contends that courts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3974 CAS (RZx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | DAYNA ARDITO v. WOLPOFF & ABRAMSON, LLP; ET AL. | | |

are reluctant to attribute to clients the mistakes of their counsel. Id. at 7 (citing Navrides v. Zurich Ins. Co., 5 Cal. 3d 698 (1971); Linsk v. Linsk, 70 Cal. 2d 272 (1969)). Moreover, Rose contends that "settlements entered into without the client's authority have been vacated by federal courts throughout the country pursuant to Rule 60(b)." Id. (citing Thomas v. Colorado Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966); Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir. 1979)).

Rose further argues that vacating the judgement against him and entering a dismissal with prejudice in his favor will not adversely affect plaintiff because the judgment that plaintiff agreed to accept on behalf of both defendants has been satisfied by Wolpoff & Abramson LLP. Mot. at 9. Rose contends that relief from a judgment that has been satisfied is specifically authorized by Fed. R. Civ. P. 60(b)(5). Rose further contends that the interests of justice demand that this judgment be vacated because he is a young attorney in good standing with the bar and that this judgment, which he never agreed to, will tarnish his professional character. Id.

Plaintiff responds that the Rule 68 documents on file permitted judgment to be entered against both of the defendants. Opp'n at 2. Plaintiff argues that it does not oppose Rose's request to vacate the judgment, but opposes dismissing him without a settlement or judgment on the merits. Id. at 3. Plaintiff contends that "Mr. Rose should not be dismissed from this case, until the Court has received evidence exculpating him from his alleged liability or on subsequent acceptance of Rule 68 offer." Id.

Rose responds that plaintiff will not suffer any prejudice if his motion is granted and that plaintiff "has set forth no reason why under these circumstances, the case against Mr. Rose should proceed." Reply at 3. Rose further argues that "to allow Plaintiff to reopen this matter and continue to litigate against Mr. Rose would unjustly reward Plaintiff for Mr. Rose's counsel's mistake." Id.

An attorney may not consent to a final disposition of her client's case without express authority. Associates Discount Corporation v. Goldman, 524 F.2d 1051, 1053 (3d Cir. 1975). Although counsel is presumed to have her client's authority to compromise and settle litigation, a judgment entered upon an agreement by counsel may be set aside on affirmative proof that counsel had no right to consent to its entry. Bradford Exchange v. Trein's Exchange, 600 F.2d 99, 102 (7th Cir. 1979).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3974 CAS (RZx) | Date | February 23, 2009 |
|---|---|---|---|
| Title | DAYNA ARDITO v. WOLPOFF & ABRAMSON, LLP; ET AL. | | |

      The Court concludes that Rose is entitled to relief from this Court's September 9, 2008 entry of judgment against him pursuant to Fed. R. Civ. P. 60(b). Rose's counsel clearly states that she inadvertently included him in the Rule 68 offer of judgment and did not have authority to do so. Stuart Decl. ¶¶ 6-9. Rose is therefore entitled to relief from the judgment. Goldman, 524 F.2d at 1053; Bradford Exchange, 600 F.2d at 102. However, Rose is not entitled to a dismissal with prejudice. The Court has not received any evidence that would allow it to conclude that Rose is entitled to such a judgment. Therefore, this action is reopened and the Court will set a scheduling conference at the hearing on this motion.

### IV.   CONCLUSION

      In accordance with the foregoing, the Court hereby GRANTS defendant Rose's motion for relief from the judgment entered on September 9, 2008. However, the Court DENIES defendant Rose's request for the entry of a dismissal with prejudice and hereby reopens this action as to defendant Rose.

      IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |